319 So.2d 876 (1975)
Melba L. HARVEY, Sr.
v.
Aldridge L. McMURRAY.
No. 10439.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
*877 Joseph A. Perrault, Jr., Baton Rouge, for appellant.
Ralph M. Kelton, Baton Rouge, and Wm. E. Woodward, Clinton, for appellee.
Before SARTAIN, ELLIS and PICKETT, JJ.
ELLIS, Judge.
Plaintiff Melba L. Harvey, Sr. is seeking a servitude of way or passage across the property of defendant Aldridge L. McMurray. After trial on the merits, judgment was rendered in favor of plaintiff, ordering defendant to furnish gratuitously to plaintiff a right of way across defendant's property. From that judgment, defendant has appealed.
James C. Howell was the owner of a large tract of land which included the tracts now belonging to both of the parties hereto. In 1951, he sold the front of the tract to defendant, causing the rear portion thereof to become landlocked. In the sale to McMurray, Mr. Howell made the following reservation:
"The right of passage over, on and across the above described lands to and from the adjacent lands of the vendor, James C. Howell, for normal farming operations, removing or hauling timber, cattle and farm produce."
It is not disputed that Mr. Howell used a gravel road across the McMurray property thereafter for access to his remaining tract. In the early 1960s, possibly in 1960 or 1961, a road was built over the adjoining Johnston property, which led from a public road to the rear tract. At some time in the early 1960s, Mr. Howell began using the Johnston road for access to his property. In February, 1972, he sold the rear tract to plaintiff. When plaintiff was denied use of the McMurray road, he brought this suit.
If plaintiff has a servitude of passage across defendant's property it must arise by operation of law, under Articles 699 et seq. of the Civil Code, or as a result of the conventional servitude reserved by Mr. Howell in the deed to Mr. McMurray.
Defendant has alleged in defense that plaintiff's property is not landlocked because of the Johnston road, and that plaintiff is not entitled to the servitude imposed by Articles 699 et seq. of the Civil Code. Defendant further alleges that the conventional servitude has been extinguished by the liberative prescription of ten years because of non-use thereof by Mr. Howell for more than that period of time. Article 789, Civil Code.
It is clear that the conventional servitude reserved in the deed to McMurray was actually established and used by Mr. Howell for a number of years. Mrs. Howell testified that they used it exclusively until the Johnston road was built, and then intermittently thereafter for a short while. She was not sure when the Johnston road was built, but knew it was there in 1963. Aldridge L. McMurray, Jr., defendant's son, testified that the Howells used the McMurray road until 1962 or 1963.
Mr. Harvey testified that he went through the McMurray road in the fall of 1971, when he first looked at the property, and that he used it to move some cattle onto the rear property right after he bought it from Mr. Howell in February, 1972. He said that the gates along the road were open on both occasions. None of the above testimony is controverted.
Article 793 of the Civil Code provides:
"To preserve the right of servitude and prevent prescription from running against it, it is not necessary that it should be exercised exclusively by the owner to whom it is due, or by those *878 who use his rights, or who represent him directly, as the usufructuary, the lessee or tenant, the attorney in fact or agent. It suffices if the servitude has been exercised by workmen employed by the owner, or by his friends, or those who come to see him."
Article 794 of the Civil Code provides:
"The servitude is preserved to the owner of the estate to which it is due, by the use which any one, even a stranger, makes of it, provided it be used as appertaining to the estate.
"Thus the servitude is preserved to the owner by the use which a possessor in bad faith, who is in possession of the estate to whom (which) it is due, makes of the servitude.
"But if any one passes over the land of another, considering the way as public, or as belonging to another estate, the owner of the estate to whom the servitude is due, can not avail himself of the use thus made of the servitude to protect himself against the prescription which may have been acquired against himself."
We think it clear that the use of the road made by Mr. Harvey and Mr. Howell in the fall of 1971 was within ten years of the date that the Howells stopped using the road in 1962 or 1963, as testified to by Mr. McMurray. We are of the opinion that this use of the servitude is sufficient to interrupt the running of prescription, and plaintiff, as successor in title of James C. Howell, has not lost the use of the conventional servitude reserved by Mr. Howell in his sale to Mr. McMurray in 1951.
We therefore need not consider whether plaintiff has proved if he is entitled to the servitude of passage imposed by Articles 699 et seq. of the Civil Code, which is, of course, imprescriptable under Article 795.
The judgment appealed from is therefore affirmed, at defendant's cost.
Affirmed.